## SUPERIOR COURT OF BALTIMORE CITY.

Filed July 15, 1903.

See also opinion of Phelps, J., in same cases filed December 30, 1903.

MERCHANTS NATIONAL BANK OF
BALTIMORE
VS.
BALTIMORE, CHESAPEAKE AND
RICHMOND STEAMSHIP COM-
PANY ET AL.

SAME
VS.
CHESAPEAKE STEAMSHIP
COMPANY.

*John K. Cowen, Arthur Geo. Brown, J. Southgate Lemmon, Hugh L. Bond, Jr.,* and *Daniel M. Hayne* for plaintiff.

*Bernard Carter, John P. Poe* and *Foster & Foster* for defendants.

PHELPS, J.—

In the former case of the four bills of lading, it was held by this Court that the bills were not negotiable instruments under Article 14 of the Maryland Code; that they were simply assignable choses in action, subject to equities between the original parties, but none the less open to the law of estoppel if properly applicable; that while the surrender clause might be available as such estoppel for the protection of a purchaser who had *bona fide* made advances upon the faith thereof, it was not available in the interest of an already existing creditor,

not claiming to have materially upheld its position on the faith of the surrender clause.

It was accordingly held that the third count of the declaration was defective in substance, because it simply disclosed such a consideration as would suffice to support an ordinary assumpsit, and failed to set forth affirmatively, with sufficient and unequivocal certainty, the indispensable condition required to establish a case of estoppel, as already specified, and that as the demurrer to pleas mounted and reached this defect, the result was that the demurrer was sustained as to that count, with leave to the plaintiff to amend its declaration.

In the two present cases of the thirty-four bills of lading the declarations disclose the same radical defect, and the same rulings must be made.

Obviously, the additional complications introduced by the alleged fraudulent alterations and by the defense of limitations do not at all tend to relieve the difficulty indicated, and therefore present no matter for adjudication in the present position of the pleadings.

Demurrer sustained as to the third count in each case, with leave to the plaintiff to amend within fifteen days.